IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| LOUIS FRED GONZALES, <br> Institutional ID No. 2299668, <br><br> Plaintiff, <br><br> v. <br><br> MANUEL BALDERAS, *et al.*, <br><br> Defendants. | §§§§§§§§§§§ | CIVIL ACTION NO. 5:19-CV-275-M-BQ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pro se Plaintiff Louis Fred Gonzales filed this action under 42 U.S.C. § 1983 on December 30, 2019, seeking monetary damages from numerous named and unnamed Defendants for alleged violations of his constitutional rights. ECF No. 1. Before the Court is Gonzales's Amended Complaint. ECF No. 12.

Under Special Order No. 3-251, this case was automatically referred to the undersigned United States Magistrate Judge for pretrial management. ECF No. 3. The undersigned thereafter reviewed Gonzales's original Complaint and the Supplement he attempted to file. ECF Nos. 1, 5. After reviewing the Complaint and proposed Supplement, the undersigned ordered Gonzales to file an amended complaint because neither the Complaint nor Supplement complied with Rule 8(a) of the Federal Rules of Civil Procedure. ECF No. 8. The order advised Gonzales that his amended complaint should "set[] forth *a short and plain statement* of his claims against each defendant showing entitlement to relief, in compliance with Fed. R. Civ. P. 8 . . . [and] include **facts**—that is, what happened, where did it happen, when did it happen, and who was involved." *Id.* at 3.

1

After reviewing Gonzales's Amended Complaint (ECF No. 12), the undersigned finds that the complaint is frivolous and fails to state a claim upon which relief may be granted. The undersigned therefore recommends that the United States District Judge dismiss Gonzales's claims with prejudice.

## I. Standard of Review

A court must dismiss a complaint filed by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint has no arguable basis in fact if it rests upon clearly fanciful or baseless factual contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *See Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining that responses to a questionnaire or testimony given during an evidentiary hearing are incorporated into the plaintiff's pleadings); *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (holding that courts may dismiss prisoners' *in forma pauperis* claims as frivolous based on "medical and other prison records if they are adequately identified and authenticated").

In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true, but do not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. At Austin*, 836 F.3d 467, 469 (5th Cir. 2016). And while courts hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

## II. Background

Gonzales's original Complaint named at least twenty additional Plaintiffs, many of whom are other inmates, family members, and their children. Compl. 6–8, ECF No. 1.[1] Gonzales also named as Plaintiffs "all the victims under attack of this Terrorism." *Id.* at 8. He further named thirty-seven Defendants, but the individualized allegations against these Defendants were little more than claims that they "conspired" to commit "terrorism" or some variation thereof. *Id.* at 5, 9–13. The substance of Gonzales's Complaint was often, at best, incoherent. For example, the substantive allegations did not name specific individuals who participated in alleged wrongdoing; Gonzales simply referred to "Aggressors" throughout the Complaint. *See id.* at 15–24. Gonzales claimed the "Aggressors" engaged in "one act plays" with the "personas" of various people around him. *Id.*

Gonzales's Supplement suffered from similar deficiencies. The first half of the Supplement appeared to address an underlying state court conviction, which is itself the subject of multiple habeas claims Gonzales has already filed in this Court.[2] ECF No. 5, at 1–40. The second

---

[1] Page citations to Gonzales's pleadings refer to the electronic page number assigned by the Court's electronic filing system.

[2] This case is one of nine currently pending that Gonzales has filed in this District since September 2019, four of which are habeas petitions. *See* N.D. Tex. Civil Case Nos. 5:19-CV-188-C, 5:19-CV-191-C, 5:19-CV-201-H, 5:19-CV-216-H, 5:19-CV-272-BQ, 5:19-CV-276-C, 5:19-CV-277-H, 5:20-CV-004-H. The claims raised in this case are strikingly similar to those Gonzales asserts in Case Number 5:19-CV-201-H, as that case also alleges terroristic activities by

3

half was similar to the original Complaint's allegations, with an emphasis on unnamed "Aggressors," "one act plays," "terrorism," and "personas." *See id.* at 41–81.

Now before the Court is Gonzales's Amended Complaint.[3] ECF No. 12. Gonzales alleges the Defendants have "conducted unlawful surveillance" to gain knowledge of their victims, "deliver[ed] True Threats through the usage of their Surveillance equipment and electronic devices as the Defendants invaded the privacy of their victims," and "Fabricate[d] Personas known to the Plaintiff(s), as the Defendants used these recordings to generate a Computer Persona of Family members, Friends, and persons whom the Plaintiff(s) interacted with." *Id.* at 1. What follows is roughly twenty-three sets of allegations, each providing a different factual scenario. *Id.* at 2–20. The scenarios follow a roughly similar pattern: Gonzales overhears some conversation[4] involving a person known to him that he finds troubling (he often refers to the voices he hears as "Personas") and asserts that unnamed officers or officials are behind these occurrences and engaging in "acts of terrorism." *Id.* The conversations Gonzales claims to have overheard often involve threats of violence against himself. *See, e.g., id.* at 4–5 (alleging that Gonzales overheard the "persona" of "Matthew" threaten to kill him). Gonzales concludes his Amended Complaint by listing the government agencies to which he has submitted complaints about these alleged events and the "names involved or/and used to issue this Terrorism." *Id.* at 20–21.

---

aggressors using electronic means to simulate the voices of persons known to Gonzales. *See* N.D. Tex. Civil Case No. 5:19-CV-201-H, ECF Nos. 1, 10.

[3] This Amended Complaint appears to continue to seek claims on behalf of others, and to name thirty-seven Defendants, as it begins with the heading, "V. Statement of Claim: 'Amended Complaint,'" and references "Victims," "Plaintiff(s)," and "Plaintiffs." Am. Compl. 1, ECF No. 12.

[4] In some cases, Gonzales seems to allege witnessing certain events in conjunction with the conversations he attributes to personas created by unnamed officials. *See, e.g., id.* at 2–3 (alleging that he: (1) overheard "Tyronne Coleman" providing directions to someone; (2) saw his ex-fiancé's car drive past; and (3) overheard his ex-fiancé's mother comment on the house where Gonzales was located).

4

### III. Discussion

First, the undersigned notes that Gonzales cannot not bring claims on behalf of third parties—he lacks standing to do so. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("[T]his Court has held that the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights and interests of third parties."); *Danos v. Jones*, 652 F.3d 577, 582–83 (5th Cir. 2011) (holding that secretary did not have standing to challenge council's suspension of district judge's authority to employ staff, which precluded district judge from employing the secretary, because the right she sought to invoke rested with the district judge); *Alaniz v. Lowe*, Civil Action No. 7:18-cv-00141-M-BP, 2019 WL 2931938, at *4 (N.D. Tex. June 13, 2019), *R. & R. adopted by* 2019 WL 2929593 (N.D. Tex. July 8, 2019) (finding inmate lacked standing to seek discharge certificates for other parolees held in county jail).

As to the substance of Gonzales's claims, the District Court should dismiss them as frivolous because the allegations are fantastic and delusional. District courts may "dismiss claims that are 'clearly baseless,' including 'claims describing fantastic or delusional scenarios.'" *Starrett v. U.S. Dep't of Def.*, 763 F. App'x 383, 383–84 (5th Cir. 2019) (quoting *Neitzke*, 490 U.S. at 327–28). Courts may do so in the context of both § 1915 and § 1915A when evaluating complaints filed *in forma pauperis* or by prisoners. *See Denton v. Hernandez*, 504 U.S. 25, 31–32 (1992) (quoting *Neitzke*, 490 U.S. at 328); *Thomas v. United States*, No. 4:17-CV-240-A, 2017 WL 1133423, at *2–3 (N.D. Tex. Mar. 24, 2017) (explaining that although *Denton* and *Neitzke* both defined "frivolous" in the context of § 1915, courts have not indicated that the definition of "frivolous" as used in § 1915A should be any different, and therefore applying the *Denton* standard to prisoner's complaint).

5

The allegations throughout Gonzales's original Complaint and Amended Complaint describe outlandish scenarios and are premised on the notion that local officials have utilized technology to mimic the voices of individuals familiar to Gonzales in an effort to threaten him and those around him. For example, one scenario alleges that Gonzales overheard the voice of "John Saenz" repeatedly threatening to kill him, while the voice of "Lindsey Saenz" tries to dissuade John, with the voice of "Ray Garcia" then also threatening to kill Gonzales. Am. Compl. 8–9. Another scenario involves the voices of three people coming from Gonzales's nephew's bedroom, and that "it was made to seem these individuals were climbing in and out of [Gonzales's] nephew's window." *Id.* at 9–10. A third scenario claims that, after hearing voices while driving to Wal-Mart, a hostage event involving his sister occurred in which he heard her being threatened by unknown male voices; when he arrived at his sister's house, however, she was asleep. *Id.* at 12–13.

The undersigned finds that the allegations presented in Gonzales's pleadings are fanciful and delusional and, therefore, frivolous. *See, e.g.*, *Morris v. City of Lubbock Home Inspectors*, CIVIL ACTION NO. 5:18-CV-008-C, 2018 WL 10435265, at *1–2 (N.D. Tex. Apr. 24, 2018) (dismissing prisoner's § 1983 claims that, *inter alia*, the government installed a "fiberglass wool machine" in her attic to manufacture methamphetamine and concealed dead bodies in her home as "wholly fanciful and delusional"); *Starrett v. U.S. Dep't of Defense*, Civil Action No. 3:18-CV-2851-M-BH, 2018 WL 6069969, at *3 (N.D. Tex. Oct. 30, 2018), *R. & R. adopted by* 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018) (dismissing as frivolous plaintiff's claims that the government was using him as a target "for military exercises and . . . remotely control[ling] his brain and body functions"); *Jackson v. Rosenburg*, No. 3:16-CV-2615-B-BK, 2016 WL 7680896, at *1–2 (N.D. Tex. Dec. 12, 2016), *R. & R. adopted by* 2017 WL 103814 (N.D. Tex. Jan. 10, 2017) (dismissing

a prisoner's § 1983 action alleging that Texas Department of Criminal Justice put stolen prescription drugs and hormones in inmates' food); *Williams v. Garcia*, Civil Action No. H–15–709, 2015 WL 3823124, at *1 (S.D. Tex. June 18, 2015) (dismissing detainee's claim for false arrest and detention as frivolous, where detainee's allegation that he was "the Honorable Prophet" and defendants arrested and jailed him based on mistaken identity amounted to a factually frivolous allegation); *Dean v. Prieto*, No. 5:11-CV-013-C, 2013 WL 5405465, at *3 (N.D. Tex. Sept. 26, 2013) (characterizing a prisoner's claim that he was not fed for two months as "irrational and wholly incredible" and dismissing the claim as frivolous). As such, the District Court should dismiss Gonzales's claims with prejudice.[5]

## IV.    Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Judge **DISMISS with prejudice** the Amended Complaint as frivolous and for failure to state a claim upon which relief can be granted.

## V.    Right To Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made,

---

[5] The only allegations remotely approaching a recognizable claim on Gonzales's behalf are those in paragraph 16, where he conclusorily alleges unlawful detention by Plainview Police Officer Neil. *See* Am. Compl. 15–16. The few facts he does allege are conflicting and difficult to comprehend, and the paragraph concludes with an alleged conversation between "John" and "Morton," individuals not even identified as defendants, who want to "f**k him up." Courts do not "credit conclusory allegations or assertions that merely restate the legal elements of a claim." *Chhim*, 836 F.3d at 469. The undersigned further notes that the allegations pertaining to the detention appear to be little more than contextual assertions offered to serve as a foundation for his primary claims. Paragraph 16 alleges that after Officer Neil departed, "the Defendants continued with their torture and cruel and unusual treatment," before reciting the conversation between John and Morton that Gonzales claims to have overheard. Am. Compl. 16.

state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: March 17, 2020

_____
**D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE**